# EXHIBIT 1

SAUL EWING ARNSTEIN & LEHR LLP

Elizabeth S. Fenton
Phone: (302) 421-6824
Fax: (302) 421-5871
Elizabeth.Fenton@saul.com
www.saul.com

August 19, 2021

VIA EMAIL

Andres Healy, Esq.
AHealy@susmangodfrey.com
Susman Godfrey LLP
1201 3rd Ave
Seattle, WA 98101

Brian Farnan, Esq.
bfarnan@farnanlaw.com
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801

**Re:** ***Koninklijke KPN N.V. v Bullitt Group Ltd and Bullitt Mobile Limited., 1:21-cv-00044-LPS***

Dear Andres and Brian,

In furtherance of our previous discussions, attached to this letter is a copy of the declaration of Natasha Perryman dated April 12, 2021 which states the quantity of sales in the United States of the ***accused*** products for the relevant limitation periods and up to the date of expiry of the patent in suit, US Patent 6,212,662 ("the '662 Patent"). This letter is not sent under Federal Rule of Evidence 408, although the declaration was, as you know, provided some time ago on that basis.

There are two limitation periods because proceedings were issued against Bullitt Group Limited on January 15, 2021 and against Bullitt Mobile Limited on March 23, 2021. Sales of the accused products in the United States amount to 12,767 units for both relevant limitation periods. Sales of other, unaccused products (i.e., products that you have not alleged infringe the '662 Patent) in the US that are nonetheless compliant with the 3G and 4G/LTE standards, for both limitation periods, do not exceed an additional 8,800 units. In this regard, we note that you now assert that the '662 Patent is not essential to 3G or 4G. Despite requests to do so, you have not produced any evidence or documents to counter the facts about the number of relevant units. The total number of units at issue in the case against Bullitt cannot possibly be more than **21,600 units**.

Your client claims that its FRAND rate per device, for the entirety of its LTE and 3G portfolio, is US 5 cents (5¢) per unit. I attach a copy of your client's December 6, 2017 presentation. The '662 Patent is claimed to be essential to LTE (see page 5 of the presentation) and 3G (see page 8 of the presentation). The license fee of 5¢ for LTE and 3G for the whole portfolio of patents which are claimed to be essential to 3G and 4G/LTE is on page 16 of the presentation.

Your client claims a FRAND rate for 3G and 4G products of 5¢ for its **whole** portfolio of **multiple** allegedly essential patents. This case is about only one patent from that portfolio – the '662 Patent. On page 15 your client claims there are no less than 40 licensees paying the claimed FRAND rate of 5¢ per technology per handset. Whether or not the '662 Patent is an SEP and subject to FRAND, these rates remain relevant to the determination of what is a reasonable royalty for the '662 Patent.

In any event, the maximum amount that your client can recover in this case is **$1,080** (one thousand and eighty dollars) (i.e., 21,600 x 5¢ per unit); this assumes that the '662 Patent is essential to 3G and 4G. If it is not essential to 3G or 4G, then the accused products are 12,767 units and the claim is worth $638.35 (12,767 x 5¢ per unit). Given that the value of this case is less than $1,100 your ongoing pursuit of this action is unreasonable. You, and your co-counsel, have been on notice as to the relevant sales volumes since early this year. If you have viable direct evidence, indeed any reliable evidence, that the declaration attached to this letter is false, you or your co-counsel need to produce this evidence by no later than Monday, August 23, 2021.

In any event, at the meet and confer with regard to the scheduling order, we propose that before any other issues in this case are heard and subject to costly discovery, the Court determine as a preliminary issue the number of allegedly infringing products sold by Bullitt in the United States prior to the expiry of the '662 Patent. There are to be two relevant periods:

1. From January 15, 2015 (which is six years before proceedings were issued against Bullitt Group Limited) to June 26, 2016 (when the '662 Patent expired).

2. From March 23, 2015 (which is six years before proceedings were issued against Bullitt Mobile Limited) to June 26, 2016 (when the '662 Patent expired).

Given the amounts at stake, we propose that the parties limit and expedite early discovery relating to the preliminary issue. We intend to request such a division of issues and discovery from Judge Stark in the immediate future.

If that discovery establishes that the amount at issue is modest, then the Court would proceed to a determination of liability, including:

a. the validity of the '662 Patent;
b. whether the '662 Patent is essential to the 3G standard;
c. whether the '662 Patent is essential to the 4G standard;
d. the FRAND royalty for the '662 Patent.

This sequential approach does not prejudice your client. The '662 Patent has expired, so an injunction is not possible. Your client's revenues in 2020 exceeded $6 billion.

Moreover, we also note the following statement in the Federal Judicial Center's PATENT CASE MANAGEMENT JUDICIAL GUIDE THIRD EDITION:

> *Bifurcation or reverse bifurcation*. Depending on the circumstances and opportunities for settlement, the court could bifurcate liability and damages. *See* § 8.1.1.3. Trying damages first could be advantageous where the potential damages might be found to be modest and the liability issues are complex.

The amount of $1,100 (or even a small multiple of it) is certainly "modest" in the context of federal patent litigation. Liability is complex given the history of the matter, the fact your client has at various times asserted that the '662 Patent is essential and then not essential, and, given the multiple issues relating to your client's FRAND obligations, several of which have now been raised as an issue by U-blox in their recent complaint, litigating that issue will be complex and potentially expensive.

Please confirm your agreement to bifurcation along the lines proposed, so that we may present the issue to the Court and streamline the schedule.

Very Truly Yours,

Elizabeth S. Fenton

Elizabeth S. Fenton

Enclosures

cc: Colm MacKernan (via email colm.mackernan@origin.co.uk)
Robert Pocknell (via email robert.pocknell@origin.co.uk)

**DECLARATION OF NATASHA PERRYMAN**

1. I am Natasha Perryman, Finance Manager of Bullitt Mobile Limited ("BML").
2. BML is a company incorporated and registered in England. Its registered address is at One Valpy, Valpy Street, Reading RG1 1AR, England.
3. The following products (the "Accused Products") are manufactured by BML:
    a. CAT S30,
    b. CAT S40,
    c. CAT S50 and
    d. CAT S50C.
4. The Accused Products are imported into, and sold in, the United States by BML.
5. I have carried out a review of BML's books and records in 2015 and 2016 for the purposes of this declaration.
6. BML sold the following number of units of the Accused Products in the United States during the period 15th January 2015 to 21st March 2015:

| | |
|---|---|
| CAT S30 | 0 |
| CAT S40 | 0 |
| CAT S50 | 600 |
| CAT S50C | 0 |

7. BML sold the following number of units of the Accused Products in the United States during the period 22nd March 2015 to 26th June 2016:

| | |
|---|---|
| CAT S30 | 0 |
| CAT S40 | 7482 |
| CAT S50 | 4430 |
| CAT S50C | 255 |

8. For the purposes of clause 5 and 6 above, 'sold' means the date on which the customer of BML was invoiced for the sale of the Accused Product.

9. I make this declaration to the best of my knowledge information and belief, and believe the same to be true.

I declare the foregoing is true and correct.

Executed this 12th day of April 2021 in Reading, England, United Kingdom.

[signature]

# KPN Patent Licensing
## Bullitt Group

6 December 2017



CONFIDENTIAL

kpn

# KPN Patent Portfolio 2017
## Patent families, granted & applications






CONFIDENTIAL

kpn

# KPN Patent Portfolio 2017
## Essential Patents

- 50 essential patent families
- 83 patent essentiality declarations

- 46 European Patents
- 40 US Patents
- 27 Japanese Patents
- 26 Chinese Patents
- 12 Korean Patents
- 11 Canadian Patents
- 9 Indian Patents
- 4 Australian Patents



CONFIDENTIAL

kpn

# KPN Patent Portfolio 2017
## Patent Pool Involvement KPN

| | |
|---|---|
| • WCDMA-pool | :www.via-corp.com |
| • LTE pool | :www.sisvel.com |
| • 3G pool | :www.sisvel.com |
| • WiFi pool | :www.sisvel.com |
| • IoT pool | : avanci.com |


CONFIDENTIAL

# LTE Patents relevant for Bullitt (1/3)

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 0 751 643 (DE, FR, GB, NL)<br>US 5,978,959<br>US 6,212,662<br>EP 2271016 | | 2016 |
| EP 0 831 613 (BE, CH, DE, ES, FI, FR, GB, IE, IT, NL, SE) | | 2016 |
| EP 0 785 692 (ES, FR, UK, NL, SE) | | 2016 |
| US 5,930,250<br>AU 709087<br>EP 1814352 (DE, FR, GB, NL) | | 2016 |
| EP 2 567 564 (DE, FI, FR, GB, NL, SE)<br>US 9,210,590<br>US 9,462,544<br>JP 5969983<br>CN 102870451 | EP 2720485<br>CN 20161057113.1<br>JP 2017-014316 | 2031<br>2032 |
| JP 4987126<br>US 8,549,151<br>CN101953136<br>IN 273904<br>HK11103945.7<br>US 2014-0040350 | EP 2225866<br>CN105208020 | 2029 |



kpn

# LTE Patents relevant for Bullitt (2/3)

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 2 250 835 (AT, BE, CH, DE, DK, ES, FI, FR, GB, IE, IS, IT, NL, PL, SE)<br>EP 2 337 403 (DE, FI, FR, GB, NL, SE)<br>US 9,014,667<br>US 9,247,426<br>US 9,253,637<br>KR 10-1231986<br>JP 5308459<br>JP 5684323<br>JP 5841566<br>CN101960886<br>IN 273372<br>CN103139697 | EP 2 291 033<br>EP 2 291 032<br>EP 2 400 734<br>US-2014-02877221<br>US15/056,500<br>JP2015-199229<br>CN103139696<br>CN103139698<br>CN103220672<br>IN201628012050<br>IN201628012051<br>IN201628012052<br>IN201628012053 | 2029 |
| EP 2 299 649 (DE, ES, FI, FR, GB, HU, IT, NL, PL, SE)<br>US 8,601,141<br>JP 5237340<br>CN102025723 | | 2030 |
| EP 2 486 750 (DE, ES, FI, FR, GB, NL, PL, SE)<br>US 8,660,560<br>JP 5600176 | EP 2866493 | 2030 |



CONFIDENTIAL

kpn

# LTE Patents relevant for Bullitt (3/3)

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 2 517 495 (DE, ES, FI, FR, GB, NL, PL, SE)<br>JP 5536230<br>US 8,626,175<br>CN102960015 | EP 2782383 | 2030<br><br>2031 |
| CN102356623<br>JP 5436577<br>KR 10-1287322 | EP 2 387 844<br>IN 1414/MUMNP/2011<br>US 2011-0276705 | 2030 |
| EP 2 342 538 (DE, ES, FI,FR, GB, NL, PL, SE)<br>CN102265119<br>US 9,372,098 | EP 2615421<br>US 15/176,357<br><br>IN 761/MUMNP/2012 | 2029 |
| EP 2 893 734 (CH, DE, ES, FI, FR, GB, IT, NL, PL, PT, SE)<br>US 9,438,572<br>KR 10-1692171<br>JP 6072918 | BR 112015004961-3<br>IN 453/MUMNP/2015<br>CN104604272<br>JP 2016-248875<br>US 15/233,742<br>KR 10-2016-7036256<br>EP 3 079 391 | 2033 |



CONFIDENTIAL

# W-CDMA Patents relevant for Bullitt (1/2)

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 0 751 643 (DE, FR, GB, NL)<br>US 5,978,959<br>US 6,212,662<br>EP 2271016 | | 2016 |
| EP 2 250 835 (AT, BE, CH, DE, DK, ES, FI, FR, GB, IE, IS, IT, NL, PL, SE)<br>EP 2 337 403 (DE, FI, FR, GB, NL, SE)<br>US 9,014,667<br>US 9,247,426<br>US 9,253,637<br>KR 10-1231986<br>JP 5308459<br>JP 5684323<br>JP 5841566<br>CN101960886<br>IN 273372<br>CN103139697 | EP 2 291 033<br>EP 2 291 032<br>EP 2 400 734<br>US-2014-02877221<br>US15/056,500<br>JP2015-199229<br>CN103139696<br>CN103139698<br>CN103220672<br>IN201628012050<br>IN201628012051<br>IN201628012052<br>IN201628012053 | 2029 |
| EP 0 785 692 (ES, FR, UK, NL, SE) | | 2016 |
| US 5,930,250<br>AU 709087<br>EP 1814352 (DE, FR, GB, NL) | | 2016 |

# W-CDMA Patents relevant for Bullit (2/2)

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 2 517 495 (DE, ES, FI, FR, GB, NL, PL, SE)<br>JP 5536230<br>US 8,626,175<br>CN 102960015 | | 2030<br><br>2031 |
| CN102356623<br>JP 5436577<br>KR 10-1287322 | EP 2 387 844<br>IN<br>1414/MUMNP/2011<br>US 2011-0276705 | 2030 |
| EP 2 486 750 (DE, ES, FI, FR, GB, NL, PL, SE)<br>US 8,660,560<br>JP 5600176 | EP 2866493 | 2030 |
| JP 4987126<br>US 8,549,151<br>CN101953136<br>HK11103945.7<br>IN 273904<br>US-2014-0040350 | EP 2225866<br>CN105208020 | 2029 |

# CDMA-2000 Patents relevant for Bullitt

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 0 751 643 (DE, FR, GB, NL)<br>US 5,978,959<br>US 6,212,662<br>EP 2271016 | | 2016 |



CONFIDENTIAL

kpn

# GPRS Patents relevant for Bullitt

| Patent Family | Application phase | Expires |
|---|---|---|
| US 5,930,250<br>AU 709087<br>EP 1814352 (DE, FR, GB, NL) | | 2016 |
| ZL 94 194 872.2<br>AU 693 844 B2<br>CA 2 180 345 C<br>EP 1 280 279 B (AT, BE, CH, CZ, DE, ES, FR, GB, HU, IE, IT, NL, SE)<br>EP 0 740 877 B (DE, FR, GB, IE, IT, NL, SE)<br>JP 2 841 247<br>US 5 774 467<br>NO 318 121 B1 | | 2014 |



CONFIDENTIAL

# Android Patents relevant for Bullitt

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 1 333 638 (DE, FR, GB, NL)<br>US 7,565,612 | | 2022<br>2024 |
| EP 2 425 647 (DE, FR, GB, NL, ES, IT, FI, SE, PL)<br>JP 5567119<br>JP 5980253<br>JP 6080921<br>CN102415119<br>US 9,603,022 | EP 2 717 604<br>EP 14158709.7<br><br>CN104822146<br><br>IN 2134/MUMNP/2011<br>US 15/425,485 | 2029<br><br><br><br><br>2030 |
| CN102356623<br>JP 5436577<br>KR 10-1287322 | EP 2387844<br>IN 1414/MUMNP/2011<br>US 2011-0276705 | 2030 |
| EP1300809 (DE, ES, FR, GB, IT, NL) | | 2022 |



CONFIDENTIAL

# WiFi Patents relevant for Bullitt

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 0 831 613 (BE, CH, DE, ES, FI, FR, GB, IE, IT, NL, SE) | | 2016 |
| EP 2 076 090 (DE, FI, FR, GB, NL, SE)<br>EP 2 357 627 (DE, FI, FR, GB, NL, SE)<br>JP 5356005<br>CN101466085 | US 12/315,848 | 2027/2028 |
| EP 0 785 692 (ES, FR, UK, NL, SE) | | 2016 |



CONFIDENTIAL

# MPEG-DASH Patents relevant for Bullitt

| Patent Family | Application phase | Expires |
|---|---|---|
| EP 2 798 816 (DE, ES, FI, FR, GB, IT, NL, PL, SE, TR)<br>JP 5977838<br>KR 10-1691709 | HK 1200995<br>US20140379871<br>CN104137505<br>JP 2016-219032<br>EP 3 068 102 | 2032 |
| JP 5905957<br>KR10-1633239 | EP 2 719 190<br>CN103583050<br>JP 2016-158255<br>KR 10-2013-7030584<br>KR 10-2015-7031010<br>US 2014-0089990 | 2032 |



CONFIDENTIAL

# KPN Licensees
2004–2017

| | | | |
|---|---|---|---|
| Apple | Alaxala-Hitachi | Agilent | Acer |
| Avaya | Confidential 2 | Dingli | Dell |
| Confidential 1 | Fujitsu | Opticom | Microsoft |
| Giesecke | Confidential 3 | Oracle | |
| HTC | NEC | Nokia | |
| LGE | Confidential 4 | Alcatel Lucent | |
| Microsoft | Siemens | | |
| Motorola | ZTE | | |
| Option | | | |
| Panasonic | Brocade | | |
| Philips | Ciena | | |
| Sagem Wireless | Cisco | | |
| Sagemcom | HP | | |
| Samsung | Confidential 5 | | |
| Sony | RadCom | | |
| TCL | Rad Data | | |


CONFIDENTIAL
kpn

# KPN License Fee

| Technology | License fee per handset |
|---|---|
| LTE | US $ 0,05 |
| W-CDMA | US $ 0,05 |
| CDMA 2000 | US $ 0,05 |
| GPRS | US $ 0,05 |
| WiFi | US $ 0,05 |
| Android | US $ 0,05 |
| MPEG DASH | US $ 0,05 |



CONFIDENTIAL

kpn

# KPN’s Royalty Rate is FRAND (1)

1. **UK court in “Unwired Planet v. Huawei” (2017):**

- UK court decided: # LTE SEPs is about 800.
- Confirmed by NL court in “Archos v. Philips”: accepted licensor’s statement that # UMTS SEP would be about 1069.
- General tendency in the industry: cumulative royalty for handsets should be single digit %.
- “Archos v. Philips”: court stated that a cumulative royalty of $ 14 USD per handset for only UMTS technology would not be excessive.
- Applying the UK courts’ metrics to current price of about $ 250-500 USD (average: $ 375 USD). smartphone with LTE technology: FRAND royalty of $ 0,047 USD for one LTE SEP.

→ KPN’s patent portfolio = 15 LTE SEPs and 10 UMTS SEPs.

→ KPN’s bilateral license offer of $ 0,05 USD per technology per handset seems well justified.



CONFIDENTIAL

# KPN's Royalty Rate is FRAND (2 & 3)

**2. Beijing Court in "Iwncomm v. Sony" (2017)**

Beijing Court accepted RMB 1 ($ 0,15 USD) per unit for one SEP as a FRAND royalty.

→ Compared hereto, KPN's license offer of $ 0,05 USD per technology per handset seems well justified.

**3. U.S. Eastern District Court of Texas in "Core Wireless v. Apple" (2016)**

District Court: $ 0,03 USD per LTE SEP is FRAND.

→ Noting the size of KPN's patent portfolio of 15 LTE SEPs and 10 UMTS SEPs , KPN's license offer of $ 0,05 USD per technology per handset seems well justified.



CONFIDENTIAL

kpn

# Main Terms and Conditions of a License Agreement between KPN and Bullitt:

- Non-exclusive license on the Identified Patents and foreign counterparts based on a running rate license fee for the period 2017 - 2020 for Bullitt and affiliated companies;
- Termination in case Bullitt asserts its patents against any member of the KPN group;
- License does not include stand-alone chip sets or intermediate products;
- Under the payment of a
  - Lump Sum fee as compensation for past practice; and
  - Running royalty for period 2017 - 2020 of US $ 0,05 per technology per handset.



CONFIDENTIAL

kpn